ANTHONY MEAGHER, Respondent, *v.* PEOPLE'S AND TOWER GROVE RAILWAY COMPANY, Appellant,

December 18, 1883.

AGENCY—EVIDENCE.—Statements or declarations made by an agent while acting within his real or ostensible authority, are admissible as a part of the *res gestœ.*

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

GIVEN CAMPBELL, for the appellant.

McKEIGHAN & JONES, with E. J. O'BRIEN, for the respondent

Thompson, J., delivered the opinion of the court.

This case was tried in the circuit court at the same time with the case of *Carroll* v. *The People's and Tower Grove Railway Company* (*ante*, p. 490), before the same judge and the same jury, and the plaintiff had a verdict and judgment for the amount claimed. The facts which appeared upon the trial of this case were substantially the same as those which appeared with reference to the other case, with the exception that the testimony of this plaintiff brings out the facts, if possible, more clearly in favor of the ground on which his counsel have based his right to recover; while the testimony of Mr. Ryder, for the defendant, presents the grounds of the defence, if possible, in a clearer light than in the former case. It is scarcely necessary to say that it must be borne in mind that, in dealing with conflicting evidence in a case at law after verdict, an appellate court is concerned, not with the weight of evidence, but with the question whether there was substantial evidence to support the verdict. Here, as in the former case, the evidence undoubtedly conduces to show that the president of the defendant corporation knew nothing of the practice of Ryder, its secretary and treasurer, to allow such of its employés as desired to do so, to leave a portion of their money "in," or "in the office," or "on the book," which practice, the evidence shows, he had kept up for twenty-three years. The evidence also shows, without any room for question, so far as it was not excluded by the court, that Ryder retained this money for his own use, and not for the use of the company. But there is no substantial evidence in this record tending to show that this plaintiff knew, or that Ryder ever informed him or intimated to him, that he kept this money in any other capacity than as the treasurer of the company. The marks that Ryder was in the habit of making on the pay-roll at the time when the plaintiff would sign it on pay-day, " $20 in," " $15 in," or " $10 in,'

as the case might be, which marks were made in the presence of the plaintiff, had the effect, undoubtedly, of indicating to the mind of the plaintiff the contrary, and of suggesting to him that the moneys which Ryder did not hand over to him remained in the treasury of the company subject to his demand. Moreover, it appears that on one occasion the plaintiff requested Ryder to pay him some of the money which the plaintiff had thus left "in," which Ryder did, taking the money from the safe where the office funds were kept.

We may here dispose of a question which was brought to our attention by the brief of the defendant in the Carroll case, but which we were unable to consider in that case, because the bill of exceptions in that case did not show that the proper exception had been saved at the trial. That question is this, whether the court erred in permitting the plaintiff in his testimony to detail conversations which took place between him and Ryder on pay-days, when the plaintiff would go to draw his pay, touching the plaintiff's leaving a part of his money in the office. There was clearly no error in admitting these conversations. What an agent says when acting for his principal, within the scope of his real or ostensible authority, with reference to a given matter touching the subject of his agency, is always admissible in evidence as a part of the res gestæ — just as much as the declaration of the principal, if so acting for himself, would be admissible. If this were not so, no verbal contract could be proved if made with an agent of the other contracting party; nor could any verbal contract with a corporation be proved at all; since a corporation can only act by agents.

For these reasons, and the reasons stated in the opinion of the court in the case of Carroll v. this defendant, the judgment of the circuit court is affirmed. All the judges concur.